

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00766-CV

**IN RE RYDER INTEGRATED LOGISTICS, INC.** and
Ryder Integrated Logistics of Texas, LLC

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  February 20, 2013

PETITION FOR WRIT OF MANDAMUS DENIED AS MOOT

On November 13, 2012, Relators Ryder Integrated Logistics, Inc. and Ryder Integrated Logistics of Texas, LLC filed a petition for writ of mandamus requesting "that this Court issue a writ of mandamus directing the Honorable John D. Gabriel, Jr., Judge of the 131st Judicial District Court, Bexar County, Texas, to vacate his October 8, 2012 ruling denying Ryder's request to conduct a mental examination of Ralph Molina, and directing him to grant Ryder's request."

On January 17, 2013, the trial court vacated the complained of order and issued a new order permitting an exam.  Real parties in interest subsequently filed a motion to dismiss the

---

[1] This proceeding arises out of Cause No. 2010-CI-03779, *Ralph Molina v. Ryder Integrated Logistics, Inc., et. al.,* pending in the 166th Judicial District, Bexar County, Texas, the Honorable Laura Salinas presiding.  However, the order complained of was signed by the Honorable John D. Gabriel, Jr., presiding judge of the 131st Judicial District Court, Bexar County, Texas.

mandamus based on the January 17, 2013 order arguing the petition for writ of mandamus is now moot. On February 4, 2013, the relators filed a response to the motion to dismiss asserting the petition is not moot because the independent medical examination was "ordered on terms that are unacceptable to Ryder and its experts," and thus "still merits the Court's review."

The petition for writ of mandamus complains only of the trial court's October 8th order; not the January 17th order. Because the October 8th order was superseded by the January 17th order, we have no discretion except to deny mandamus. *See In re Garcia*, 09-08-00461-CV, 2009 WL 539621, at *1 (Tex. App.—Beaumont Mar. 5, 2009, orig. proceeding) ("The original proceeding is moot because the order relator attacks has been replaced."); *Jim Walter Homes, Inc. v. McGee*, 05-00-00851-CV, 2000 WL 1848602, at *1 (Tex. App.—Dallas Dec. 19, 2000, no pet.). Accordingly, Relators' petition for writ of mandamus is denied as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM